**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLOS ANGEL CUTZAL MORALES,<br><br>Petitioner,<br><br>v.<br><br>JOHN DOE, *et al.*,<br><br>Respondents. | Civil Action No. 26-13609 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Carlos Angel Cutzal Morales's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully detained without a bond hearing. (ECF No. 1.) Respondents filed an answer. (ECF No. 6.) Petitioner filed a reply now challenging the adequacy of his bond hearing. (ECF No. 7.)

Petitioner, a citizen of Guatemala, entered the United States in 2018. (ECF No. 1 at 1.) On October 19, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) On the same day, Petitioner filed this Petition arguing that his detention under 8 U.S.C. § 1226(a) without an individualized bond hearing violates his constitutional rights. (*See generally* ECF No. 1.) Petitioner seeks release from custody or an individualized bond hearing. (*Id.* at 12.) Respondents filed a response submitting Petitioner is lawfully detained under § 1226(a) and has received a bond hearing, where the IJ granted Petitioner's release on bond finding that he "failed to carry his burden of proving that he is not a flight risk." (ECF No. 6.) Petitioner replied, arguing that his bond hearing was inadequate. (ECF No. 7.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request

a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

As relief, Petitioner requests release from custody or an individualized bond hearing. Petitioner has received a bond hearing as required under § 1226(a) and is lawfully detained under that Section. *Zheng*, 826 F. Supp. 3d at 554. Because Petitioner has received the process owed to a non-citizen detained under § 1226(a), and the relief sought in his Petition, and the Petition is denied.[1]

Accordingly, and for good cause appearing,

**IT IS** on this 13th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED without prejudice**; it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Although Petitioner argues in his reply that his bond hearing was inadequate, Petitioner has received the process due under 8 U.S.C. § 1226(a) and the relief requested in the Petition. This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Petitioner acknowledges that he received a bond hearing and the IJ found Petitioner had not met his burden of showing he is not a flight risk. (ECF No. 7.) Petitioner submits that the IJ identified Petitioner's lack of familial relationship to Petitioner was a reason for finding the sponsorship inadequate. (*Id.* at 2.) Moreover, Petitioner acknowledges that family ties are among factors that may inform a custody determination. (*Id.*) As Petitioner has received the relief sought in his Petition and the record before the Court does not show that his hearing was fundamentally unfair, the Court declines to order supplemental briefing on this issue.